UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CYPRESS PT SJP, L.L.C<br>(*Plaintiff*)<br><br>VERSUS<br><br>CNA CATASTROPHE CLAIMS,<br>CONTINENTAL CASUALTY<br>COMPANY<br>(*Defendant*) | *  CIVIL ACTION NO.: 2:23-cv-03147<br>*<br>*  JUDGE GREG GERARD GUIDRY<br>*<br>*<br>*  MAGISTRATE JUDGE MICHAEL NORTH<br>*<br>*<br>*<br>* |

## **ORDER AND REASONS**

The Court has before it Defendant Selective Insurance Company of the Southeast's ("Selective") Motion to Dismiss the claims raised against it by Plaintiff Cypress PT SJP, LLC in this Hurricane Ida insurance action. R. Doc. 16. Selective argues, *inter alia*, that Plaintiff's breach of contract claim is time-barred and its extra-contractual state law claims preempted by federal law, so all must be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 16-1. Plaintiff has submitted no opposition to Selective's Motion and the deadline to do so has passed. Having considered Selective's unopposed Motion to Dismiss under the appropriate standard, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Court will GRANT Selective's Motion and DISMISS Plaintiff's claims.

Selective is a Write Your Own ("WYO") Program insurance provider and issued Plaintiff the Policy in its fiduciary capacity as a "fiscal agent" of the Federal Government, *see* 42 U.S.C. §4071(a)(1), under the National Flood Insurance Program ("NFIP") created by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq. See, e.g.*, R. Doc. 16-4. The NFIP was established

by Congress to provide flood insurance at or below actuarial rates, funded by the United States Treasury, for properties in flood-prone areas in which it is "uneconomical" for private insurance companies to provide coverage. *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). The NFIP is administered by Federal Emergency Management Agency ("FEMA"), *see* 42 U.S. Code § 4005, which uses private insurance companies like Selective as agents of the United States to implement the NFIP by issuing FEMA's Standard Flood Insurance Plans ("SFIP"), like the Policy. *See* 42 U.S.C. § 4081(a); 44 C.F.R. § 62.23(g). Any civil action arising from the denial of a claim under a SFIP so issued must be filed "within one year after the date of mailing of notice of disallowance or partial disallowance" of the claim by the insurer. 42 U.S.C. § 4072. Here, Selective mailed such notice to Plaintiff on October 12, 2021. R. Doc. 16-4; *see also McInnis v. Liberty Mut. Fire Ins. Co.*, 2022 WL 4594609 (5th Cir. Sept. 30, 2022) (holding a letter from an insurer sufficient to put an insured on notice that a part of its claim has been denied is sufficient to trigger § 4072's one-year limitation period for SFIP policies). Plaintiff was thus required to file the instant suit against Selective by October 12, 2022. Plaintiff did not file suit until May 1, 2023, well past that deadline. Accordingly, Plaintiff's breach of contract claim is time-barred. *See, e.g.*, *Sylve v. Am. Bankers Ins. Co. of Fla.*, 2024 WL 422063, at *1 (E.D. La. Feb. 5, 2024) (holding same).

Additionally, the Fifth Circuit has held explicitly that extra-contractual state law claims "arising from claims handling by a WYO" like those Plaintiff asserts here "are preempted by federal law." *Gallup v. Omaha Prop. & Cas. Ins.*, 434 F.3d 341, 344–45 (5th Cir. 2005) (quoting *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005)). "[I]nsureds under SFIP policies have one remedy, and only one remedy for nonpayment of claims: a suit for breach of contract." *Howell-Douglas v. Fid. Nat. Indem. Ins. Co.*, 24 F. Supp. 3d 579, 583 (E.D. La. 2014). Plaintiff has forfeited the remedy available to it by failing to file suit within the statutory limitation period,

and its remaining claims are preempted. Plaintiff's claims against Selective must therefore be dismissed in their entirety.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Selective's Motion to Dismiss, R. Doc. 16, is **GRANTED**, and that the instant action and all claims raised herein are hereby **DISMISSED WITH PREJUDICE**, each party to bear its own costs.

New Orleans, Louisiana, this 15th day of March, 2024.

_____
Greg Gerard Guidry
United States District Judge